# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION-FLINT

| | | |
|---|---|---|
| IN THE MATTER OF:<br>Shonda M. Edgerle,<br><br>Debtor | CASE NO: 21-31422-JDA<br>CHAPTER 13 PROCEEDINGS<br>JUDGE: Joel D. Applebaum | ATTORNEY: John L Hicks & Associates, PC<br>DATE FILED: 10/14/2021<br>CLAIMS BAR DATE: 12/23/2021<br>CONFIRMATION DATE: 12/14/2021 |

### TRUSTEE'S OBJECTION TO CONFIRMATION

1. The Trustee calculates that the proposed 36-month plan is not feasible, and the plan will not complete within the 36-month plan term. This is due to Internal Revenue Service estimated Proof of Claim for unfiled tax returns.

2. Trustee notes that the State of Michigan filed a Notice of Unfiled Tax Returns for tax years 2016, 2017, 2018 and 2019. Trustee has received copies of 2016, 2017 and 2018, dated 12/3/2021 and 2019 dated 10/21/2021 Returns and for debtor to address the Notice filed by the State of Michigan.

3. The Internal Revenue Service filed a Proof of Claim identified as Claim 4-1 in the priority amount of $19,481.87 and unsecured in the amount of $28,638.96. The Claim provides that income tax returns for years 2016, 2017, 2018, 2019 and 2020 had not been filed as of the date of the claim.
    a. The Trustee has received copies of the tax returns:
        i. 2016 tax returns dated 12/3/21 owes $4,012.
        ii. 2017 tax returns dated 12/3/21 owes $7,829.
        iii. 2018 tax returns dated 12/3/21 owes $4,333.
        iv. 2019 tax returns dated 10/21/21 refund $7,253.
        v. 2020 tax returns dated 10/21/21 refund $10,248.
            1. Debtor testified at the 341 Meeting of Creditors that she has received the 2020 tax refund and has deposited the money into her Chase account. The plan fails to treat the Internal Revenue Service to the full extent of the liability showing on the Debtor's tax returns.

4. Debtor testified at the 341 Meeting of Creditors that the 2019 and 2020 tax returns were filed post-petition, with a refund of $17,501.00. Debtor received the 2020 refund in the amount of $10,248.00 mid-November and has deposited the funds into her Chase

account. Debtor has not received her 2019 refund of $7,253.00. Debtor's filed Schedule A/B do not list any tax refunds and were not exempted on Schedule C. Debtor's filed Schedule I has pro-rated tax refund in the amount of $5.00 per month for income. The refunds are property of the bankruptcy estate and should be turned over to the Chapter 13 Trustee within 5 days of receipt.

5. Based upon Debtor Jeremy's pay stub dated 10/22/2021, the Debtor's *year-to-date gross income* was in the average monthly amount of $6,612.85; less deductions of $2,345.13 per month, which constitutes monthly net income in the amount of $4,267.42 per month. Therefore, the Debtor's Schedule I understates monthly net income by approximately $358.42, thus the Plan fails to comply with 11 U.S.C. §1325(b)(1)(B) and 11 U.S.C. §1325(a)(3).

6. Debtor to amend Schedules A/B and C as follows:
    a. Question #17: to list all financial accounts such as Wisely, PayPal, Venmo and any other accounts in which the debtor's name appears jointly and/or individually.

7. Debtor to amend Schedule I to include the PSP loan that is indicated in the provided PSP statement dated 9/1/2021 through 9/30/2021 and pay stubs dated 10/22/2021.
    a. Debtor is to provide an amortization scheduled when the PSP loan will be paid in full.

8. Debtor is to amend the matrix to give complete address as to Aargon and correct the Chapter 13 Trustee's address and give proper notice of the bankruptcy.

9. Debtor is to provide the following information to the Chapter 13 Trustee:
    a. 3 months of statements from August 1, 2021, through October 31, 2021 for PayPal and Venmo.
    b. Filed affidavit from debtor's son that he will continue to contribute $300.00 per month for the pendency of the bankruptcy.
    c. Verification of child support and copy of the Domestic Support Order.
    d. Verification of $1,250.00 per month for rent.
    e. Verification of child education at $125.00 per month.
    f. Verification of automobile insurance a copy of the annual premium statement and declarations page for the vehicles, amounts and effective dates of coverage.

10. Trustee requests in the Order Confirming Plan that the debtor is to provide a copy of any profit sharing/bonus checks to the Trustee during the pendency of this bankruptcy case within 14 days of receipt.

**For informational purposes only, the Trustee notes:**

Based on Federal Rules of Bankruptcy Procedure 3002, secured creditors must file a proof of claim in order for the claim to be allowed. This also means that a claim must be filed in order for the creditor to share distributions in the Chapter 13 plan. Trustee notes that there is a secured creditor scheduled in this case who has not yet filed a Proof of Claim. As you are aware, the bar date in which to file secured claims is approaching as noted above. Should the secured creditor not file a proof of claim, the Debtor has 30 days from the expiration of the bar date in which to file a proof of claim on behalf of the creditor pursuant to Bankruptcy Rule 3004. Please remember to provide attachments to claims filed in compliance with Bankruptcy Rule 3001(c) and (d). Please proceed as you deem appropriate.

**NATURE OF THE PLAN** - The Trustee interprets the nature of the plan to be:

☒ Base plan-completed upon the Trustee receiving $ 14,040.00 in addition to the receipts prior to confirmation.

Estimated % to unsecured is not feasible in 36 months.

WHEREFORE, unless the above terms are satisfied, the Chapter 13 Trustee requests that this Honorable Court deny confirmation of the Debtor's Plan, dismiss this case, or provide other relief as is just.

|  |  |
|---|---|
| Dated: December 17, 2021 | /s/ Carl L. Bekofske |
|  | Carl L. Bekofske, Standing Chapter 13 Trustee |
|  | 400 N. Saginaw St. Ste 331., Flint, MI 48502 |
| Karen | (810) 238-4675    ECF@flint13.com |
|  | P-10645 |

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION-FLINT

IN THE MATTER OF:  
Shonda M. Edgerle,

Case No: 21-31422-JDA  
CHAPTER 13 PROCEEDINGS  
JUDGE Joel D. Applebaum

Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, I electronically filed the Chapter 13 Trustee's Objection to Confirmation with the Clerk of the Court using the ECF system; which will send notification of such filing to the following:

John L Hicks & Associates, PC at jlhicksoffice@gmail.com

And I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants:

Shonda M. Edgerle  
2174 Crestline Dr.  
Burton  MI  48509

/s/ Sherry Beasinger  
Carl L. Bekofske, Standing Chapter 13 Trustee  
400 N. Saginaw St. Ste 331., Flint, MI 48502  
(810) 238-4675  
Email: ECF@flint13.com